**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

John W Stone, et al.,

Plaintiffs,

v.

Susan M Brnovich, et al.,

Defendants.

No. CV-26-06267-PHX-JGZ

**ORDER**

Plaintiffs Reverend John W. Stone and Shirley D. Stone, proceeding pro se, filed their Complaint on September 3, 2026. (Doc. 1.) Plaintiffs bring this action individually and purportedly as next friends of three minor children, W.S., T.S., and M.S. The Complaint names as Defendants United States District Judge Susan M. Brnovich; Arizona Governor Kathleen Hobbs; Arizona Attorney General Kristin Mayes; El Mirage Police Chief Paul Marzocca; El Mirage Police Sergeant Matthew Jacobs; El Mirage Mayor Alexis Hermosilla; El Mirage Municipal Court Judge Michael Parascandola; CubeSmart LP; Metropolitan Life Insurance Company; Maricopa County Superior Court Judges Melissa Zabor, Jennifer Ryan-Touhill, and Michael Herrod; Sarea Laron McCree; Brittany Houston; Heiress Dupree; and various Doe Defendants. (*Id.* at 1.)

Plaintiffs have also filed an Emergency Motion for Mandatory Disqualification of Chief District Court Judge Jennifer G. Zipps and Application for Out-of-Circuit Judicial Assignment, which the Court will deny. (Doc. 11.)[1] And Plaintiff John Stone has requested

[1] Plaintiffs seek the undersigned's recusal based primarily on the undersigned's receipt of filings Plaintiffs sent to the undersigned from their prior action, *Stone v. Hobbs*, No. CV-

to receive electronic notice of filings in this matter, (Doc. 6), which the Court will permit.

## I. Discussion

### A. Prior Litigation and Pleading Deficiencies

This action repackages the allegations and claims raised in Plaintiffs' prior action, *Stone v. Hobbs*, No. CV-25-04158-PHX-SMB. In that case, Judge Brnovich dismissed Plaintiffs' First Amended Complaint, finding that Plaintiffs failed to comply with Rule 8, lacked standing to pursue claims based on alleged injuries to their deceased son and minor grandchildren, and failed to plausibly allege constitutional violations or a conspiracy. (CV-25-04158-PHX-SMB, Doc. 53.) Judge Brnovich also dismissed four judicial Defendants and CubeSmart with prejudice. (*Id.*) Judge Brnovich subsequently denied Plaintiffs' motions seeking to vacate that Order, rejecting their allegations of judicial fraud, record tampering, and lack of jurisdiction as insufficient to warrant relief under Rule 60. (*Id.*, Doc. 62.) The court ultimately dismissed the action without prejudice after Plaintiffs failed to file a Second Amended Complaint within the time permitted. (*Id.*)

The present Complaint arises from the same underlying controversy, names many of the same Defendants, and expressly characterizes itself as a "Collateral Attack" on orders entered in the prior action. Plaintiffs assert three causes of action: (1) a *Bivens* and § 1983 claim alleging judicial forgery, record manipulation, and obstruction; (2) a §

---

25-04158-PHX-SMB, and an August 14, 2026 letter responding to those filings. Plaintiffs submitted an Omnibus Emergency Notice addressed to the undersigned, requesting vacatur of Judge Brnovich's May 28, 2026 Order, disqualification of Judge Brnovich, reassignment of the prior action to another judicial officer, emergency intervention concerning three minor children, and referral of alleged criminal conduct to federal authorities. (CV-25-04158-PHX-SMB, Doc. 61.) Plaintiffs contend that the undersigned's receipt of these filings and subsequent correspondence make the undersigned a material witness, establish personal knowledge of disputed facts, and create an appearance of partiality. Plaintiffs also state that they intend to amend this action to name the undersigned as a Defendant, which they argue provides an additional basis for recusal. (Doc. 11 at 3–5.)

The undersigned's August 14, 2026 correspondence acknowledged receipt of Plaintiffs' materials and advised: "If you wish to challenge a judicial ruling, you may file an appeal. No further action will be taken in response to your request." (*Id.* at 8.) That correspondence does not make the undersigned a material witness, establish personal knowledge of disputed evidentiary facts, or provide a reasonable basis to question the undersigned's impartiality. *See* 28 U.S.C. § 455(a), (b)(1). Plaintiffs' filings are publicly filed and available to anyone who accesses the Court's records. Plaintiffs' stated intention to name the undersigned as a defendant likewise does not require recusal. *See United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him.").

1985(2) conspiracy claim; and (3) a claim alleging failure to perform a mandatory duty to rescue under A.R.S. § 13-3620. (Doc. 1 at 6–7.) These claims largely repeat Plaintiffs' prior allegations of kidnapping, conspiracy, fraud, obstruction, and constitutional violations, while adding allegations challenging Judge Brnovich's rulings. Rather than pursuing appellate review, Plaintiffs appear to be attempting to relitigate matters previously addressed by the court through a new action.

The Complaint also fails to comply with Federal Rules of Civil Procedure 8 and 10. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to state claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and to state each claim founded on a separate transaction or occurrence in a separate count when doing so would promote clarity. Fed. R. Civ. P. 10(b).

The Ninth Circuit has made clear that district courts need not accept "shotgun pleadings" that are replete with conclusory allegations, assert claims against numerous defendants without identifying which defendant committed which act, or require the Court to "make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1288–89 (9th Cir. 2026). In a May 28, 2026 Order, Judge Brnovich identified similar pleading deficiencies in Plaintiffs' prior action, explaining that Plaintiffs asserted blanket allegations against numerous unrelated defendants, rarely attributed particular conduct to particular defendants, and relied on broad incorporation of generalized allegations. *Stone v. Hobbs*, No. CV-25-04158-PHX-SMB, Doc. 53 at 5–6.

The present Complaint repeats those deficiencies. Although the Complaint itself spans approximately nine pages, Plaintiffs append more than 100 pages of exhibits, including pleadings, orders, and other documents from their prior action, and purport to incorporate those materials as the factual basis for their claims. The Complaint identifies numerous Defendants but does not explain which acts or omissions are attributable to each Defendant or how those acts or omissions establish liability under the three asserted causes

of action. The extensive exhibits do not relieve Plaintiffs of their obligation to provide a short and plain statement of each claim. The Court will not search through incorporated exhibits or pleadings from other actions to determine the basis for Plaintiffs' claims. *See Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009) ("Neither this Court nor the district court is required to parse the complaint searching for allegations . . . [that] form the basis of each of Appellants' claims."). In addition, the Complaint fails to use ***consecutively*** numbered paragraphs.

**B. Failure to State a Claim**

**i. Count I**

Count I asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleging judicial forgery, record manipulation, and obstruction. *Bivens* provides a limited remedy for certain constitutional violations committed by federal officers, while § 1983 provides a remedy against persons acting under color of state law who deprive individuals of federally protected rights. *See Bivens*, 403 U.S. at 397; *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs do not clearly identify which Defendants allegedly violated which constitutional rights or allege facts establishing each Defendant's personal participation in the alleged violations. Instead, Plaintiffs rely on generalized allegations of judicial misconduct, fraud, and obstruction, primarily arising from adverse rulings in their prior litigation. As explained below, claims for damages arising from the judicial acts of the named judges are barred by absolute judicial immunity. Plaintiffs otherwise fail to allege sufficient facts establishing liability under *Bivens* or § 1983. Accordingly, Count I fails to state a claim.

**ii. Count II**

Plaintiffs' conspiracy claim under 42 U.S.C. § 1985(2) is likewise insufficiently pleaded. The statute addresses specified conspiracies interfering with federal judicial proceedings and conspiracies obstructing justice in state courts with the requisite discriminatory intent. *See Kush v. Rutledge*, 460 U.S. 719, 724–26 (1983); *Bretz v. Kelman*, 773 F.2d 1026, 1028–29 (9th Cir. 1985) (en banc). Plaintiffs do not identify the particular

conduct attributable to each alleged conspirator or allege facts sufficient to establish an agreement to engage in conduct prohibited by § 1985(2). Their generalized allegations of conspiracy and judicial obstruction are insufficient to state a claim. Accordingly, Count II fails to state a claim.

**iii. Count III**

Section 13-3620 establishes mandatory reporting obligations concerning suspected child abuse and neglect and imposes criminal penalties for violations. A.R.S. § 13-3620(A). It does not expressly authorize a private civil action to compel the rescue of minor children. Courts in this District have declined to recognize an independent private right of action under § 13-3620. *See Johnson v. Chandler Unified School District*, No. CV-24-00530-PHX, Doc. 118 at 13–15 (D. Ariz. Sept. 9, 2026); *McCarthy v. Scottsdale Unified School District No. 48*, 409 F. Supp. 3d 789, 821 (D. Ariz. 2019). Plaintiffs identify no basis for enforcing the asserted rescue obligation through a private civil action. Accordingly, Count III fails to state a claim. Because § 13-3620 does not authorize the private statutory rescue remedy Plaintiffs seek, amendment would be futile as to that theory.

**C. Judicial Immunity and Requests for Equitable Relief**

Plaintiffs' claims for damages against Defendants Susan M. Brnovich, Michael Parascandola, Melissa Zabor, Jennifer Ryan-Touhill, and Michael Herrod fail because the conduct alleged against these Defendants consists of judicial acts undertaken while presiding over Plaintiffs' prior federal and state court proceedings. Judges are absolutely immune from damages liability for judicial acts unless they act in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judicial immunity applies even when a plaintiff alleges that the judge acted maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiffs' allegations concerning the issuance of orders, conduct of hearings, denial of motions, and dismissal of claims involve judicial functions. Plaintiffs cannot overcome judicial immunity merely by characterizing those actions as fraudulent or criminal, or by asserting that the judges exceeded their authority. Amendment cannot cure the immunity bar as to the judicial conduct alleged.

Plaintiffs also seek declaratory and injunctive relief concerning orders entered in their prior proceedings. However, a separate civil action against the presiding judges is not a substitute for appellate review. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1392–94 (9th Cir. 1987). Plaintiffs' claims for equitable relief against Judge Brnovich are barred because they arise from acts undertaken in her judicial capacity. *Id.* at 1394. Additionally, § 1983 generally prohibits injunctive relief against state judicial officers for judicial acts unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Plaintiffs allege neither exception and fail to identify an independent basis for declaratory relief against the state judicial Defendants. Accordingly, the requests for declaratory and injunctive relief against the judicial Defendants will also be dismissed.

**D. Claims Asserted on Behalf of Minor Children.**

The Complaint identifies W.S., T.S., and M.S. as Plaintiffs proceeding through John and Shirley Stone as "next friends." Although John and Shirley Stone may represent themselves in this action, they may not represent the minor Plaintiffs pro se. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Accordingly, the claims purportedly asserted on behalf of W.S., T.S., and M.S. will be dismissed.

**II. Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiffs' damages claims against the judicial Defendants, dismiss their claims for equitable relief against the judicial Defendants, and dismiss Count III with prejudice to the extent it asserts an independent private cause of action under A.R.S. § 13-3620 to compel the rescue of the minor children. The Court has identified the deficiencies in Plaintiffs' Complaint to permit Plaintiffs to make an informed decision whether to file an amended complaint.

Within 30 days of the date this Order is filed, Plaintiffs may submit a first amended complaint correcting the deficiencies identified in this Order. Any amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or pleadings filed in other actions by reference. The amended complaint must be clearly designated as the "First Amended Complaint" on the face of the document and

formatted in compliance with LRCiv 7.1. An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat the original Complaint as nonexistent. *Id.* Any cause of action alleged in the original Complaint but omitted from the First Amended Complaint will be deemed waived, except that claims previously dismissed with prejudice need not be repleaded to preserve them for appeal. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Plaintiffs must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The amended complaint must contain a short and plain statement of each claim, organized into separately identified counts and consecutively numbered paragraphs, each limited as far as practicable to a single set of circumstances. For each claim, Plaintiffs must identify: (1) the law Plaintiffs believe was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of the law; and (5) what specific injury Plaintiffs suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiffs must clearly identify the factual allegations supporting each claim and may not rely on generalized allegations against all Defendants or conclusory assertions of conspiracy, fraud, or criminal wrongdoing. For each named Defendant, Plaintiffs must identify the specific acts or omissions attributable to that Defendant, explain how the conduct violated Plaintiffs' rights, and allege the resulting injury. Merely naming an individual or entity as a Defendant, without alleging facts establishing that Defendant's liability under a particular cause of action, is insufficient. Plaintiffs must separately identify each cause of action and clearly connect the supporting factual allegations to that claim. The Court is not required to search through incorporated materials to determine which factual allegations support which claims. Failure to adequately link each Defendant's conduct to a specific claim and resulting injury may result in dismissal of the claims against that Defendant.

If Plaintiffs do not know the names of individual Defendants, they must list the individual unknown Defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of their amended complaint. In the body of the amended complaint, Plaintiffs must allege facts to support how each particular Doe Defendant violated Plaintiffs' rights. It is insufficient to simply list a category of Defendants (such as "John Does 1–10") and make conclusory allegations against them as a group.

**Plaintiffs are further advised that they may not reassert claims against the judicial Defendants dismissed with prejudice in this Order or use this action to obtain review or vacatur of orders entered in *Stone v. Hobbs*, No. CV-25-04158-PHX-SMB. Plaintiffs also may not pursue claims on behalf of the minor children unless the children are represented by licensed counsel. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).**

## III. Warnings

### A. Address Changes

Plaintiffs must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

Plaintiffs are advised that if a First Amended Complaint fails to state a claim upon which relief may be granted, the Court may dismiss the remaining claims without further leave to amend. Plaintiffs are further advised that failure to timely comply with this Order, including the requirements for filing an amended complaint, may result in dismissal without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Emergency Motion for Mandatory Disqualification (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for damages against Defendants Susan M. Brnovich, Michael Parascandola, Melissa Zabor, Jennifer Ryan-Touhill, and Michael Herrod arising from their judicial acts are **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for declaratory and injunctive relief against Defendant Susan M. Brnovich arising from her judicial acts are **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims for declaratory and injunctive relief against Defendants Michael Parascandola, Melissa Zabor, Jennifer Ryan-Touhill, and Michael Herrod, to the extent they seek review or vacatur of orders entered in prior judicial proceedings, are **dismissed**.

**IT IS FURTHER ORDERED** that the claims purportedly asserted on behalf of W.S., T.S., and M.S. are **dismissed**.

**IT IS FURTHER ORDERED** that Count III of Plaintiffs' Complaint, to the extent it asserts an independent private cause of action under A.R.S. § 13-3620 to compel the rescue of the minor children, is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiffs may file a First Amended Complaint within **thirty (30) days** of the date this Order is filed. **Any amended complaint must comply with the requirements identified in this Order and must not assert claims that the Court has disallowed.**

**IT IS FURTHER ORDERED** that Plaintiff's Request for Electronic Noticing (Doc. 6) is **granted**.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file a First Amended Complaint within **thirty (30) days**, the Clerk of Court shall, without further notice, enter judgment dismissing the remaining claims without prejudice and close this case.

Dated this 12th day of October, 2026.

Jennifer G. Zipps
Chief United States District Judge